UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN SEELY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:09 CV 289 JM ) |
| DAVID A. AVERY, Judge, Allen Superior Court, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**OPINION and ORDER**

Plaintiff John Seely has filed a "Motion for Correction and/or Modification of Record of Proceedings" (DE #26) which brings to the court's attention that no ruling has issued on a motion to dismiss filed by defendants Judge David A. Avery ("Judge Avery") and the Clerk of the Indiana Court of Appeals and Indiana Supreme Court[1] (the "Clerk") (hereinafter, Judge Avery and the Clerk are collectively referred to as the "State Defendants"). Plaintiff Seely responded[2] to the motion in May, and filed a notice requesting a hearing in June. The State Defendants have never filed a reply, and the motion is, and has been, ripe for ruling.

The State Defendants' motion to dismiss, filed pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), is premised on the doctrines of absolute judicial immunity and Eleventh

---

[1] In the caption and body of his complaint, Seely does not name or identify an individual, only the office.

[2] The court notes Seely stated in his response that he had attached a memorandum of law as Exhibit A, and an affidavit as Exhibit B. (DE # 22 at 2, ¶¶ 2,3.) Neither document was attached to the document Seely filed.

Amendment immunity; and arguments that the complaint otherwise fails to state a claim. As an initial matter, the arguments made are purely legal in nature, and can be decided based solely on the allegations in the complaint. Although Seely has requested a hearing, his motion does not establish otherwise, and fails to comply with LOCAL RULE 7.5, which contains specific requirements a party must meet to demonstrate that oral argument or a hearing is necessary or would be helpful. Accordingly, Seely's request for a hearing will be denied.

  The court accepts the facts alleged by Seely in his complaint as true, to the extent they are are not contradicted by the exhibits which he attached thereto. *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010) (if allegations of complaint are contradicted by attached written exhibits, the exhibits "trump" the allegations). Seely filed suit in state court against his brother and sister-in-law, James and Gwen Seely (who are also named as defendants in the present suit). The crux of Seely's complaint is an allegation that the State Defendants discriminated against him, in their treatment of that suit, on the basis of his creed, race and age.

  In brief, Seely alleges that Judge Avery, acting in the complete absence of jurisdiction and with a discriminatory animus, issued orders requiring him to release medical records, and then dismissed his case with prejudice. In connection with his appeal from the order to release medical records, when he attempted to file a petition for transfer to the Indiana Supreme Court, the Clerk refused to accept the filing based on a purported procedural error. Seely alleges the error was "bogus" and made on the

basis of discrimination, therefore denying him his constitutional rights to due process and equal protection. Seely seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

As to Judge Avery, Seely has attached to his complaint the orders which he alleges were issued by Judge Avery in the complete absence of jurisdiction: an order dated December 27, 2007, in which Judge Avery ordered Seely to execute authorizations in order to allow the state court defendants to obtain copies of his medical records; and an order dated February 1, 2008, dismissing his complaint. In the December 27, 2007 order, Judge Avery: 1) noted that the matter was before the court on defendant's motion to lift stay, found that the Court of Appeals had dismissed Seely's appeal on October 12, 2007 and that Seely had nothing pending before either the Court of Appeals or the Indiana Supreme Court, and granted the motion to lift stay; 2) noted that he had previously issued an order on January 30, 2007, finding Seely's medical records relevant to the issues raised in Seely's suit; and 3) warned Seely that his failure to execute those authorizations, and to cooperate in being deposed, would result in the dismissal of his action. In the February 1, 2008 order, Judge Avery found that Seely had willfully failed to comply with his December 27, 2007 order, and therefore dismissed Seely's complaint with prejudice, just as he had warned might happen.

The State Defendants argue that Judge Avery has absolute judicial immunity regarding these two orders. The doctrine of absolute judicial immunity, which has been recognized for centuries, applies to acts performed by judges in a judicial capacity, and

3

confers complete immunity from suit, not just a defense to liability. *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005). Three factors govern whether an act is entitled to judicial immunity; 1) whether the act or decision involves the exercise of discretion or judgment, or instead is a ministerial act which could have been performed by a private person rather than a judge; 2) whether the act is normally one performed by a judge; and 3) the expectations of the parties, that is, whether they dealt with the judge as a judge. *Id*. Judicial immunity does not apply to acts which are taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

In his response Seely does not dispute that Judge Avery's acts were judicial acts, but instead argues that Judge Avery acted in the complete absence of jurisdiction, for two alternative reasons. Taking the second of these reasons first, Seely argues that, just as he alleged in his complaint, Judge Avery acted "without proper subject matter jurisdiction because the parties had not stipulated and agreed to consent to authorize the release of medical/mental health records." (DE # 1 at 3-4 ¶ 10; DE # 22 at 4.)

> The judge lacked jurisdiction in the matter unless the consent of John Seely was voluntary and given of his free will. The <u>parties had not stipulated to consent to release medical/mental health records and the Superior Court did not have the jurisdiction to enforce the authorization of medical/mental health records unless the court was enforcing a stipulated agreement between the parties.</u>

*Id*. No authority is cited for this proposition, possibly because none exists: it demonstrates a complete misunderstanding of the concept of subject-matter jurisdiction. The allegations of Seely's complaint including the exhibits Seely has

4

attached and incorporated show that Judge Avery was entering orders governing a discovery dispute in a lawsuit Seely had initiated, and Seely does not argue, imply, or suggest in any way that his lawsuit was not within the proper bounds of the state court's subject-matter jurisdiction. The fact that he would not voluntarily consent to release his medical records simply does not in any way impact the state court's subject-matter jurisdiction.

Seely's primary argument that Judge Avery acted without jurisdiction, however, is based on Seely's belief that his appeal and petition for transfer to the Indiana Supreme Court had divested the trial court of jurisdiction. First, as to Judge Avery's December 27, 2007 order, Seely relies on the explanation in his complaint that, at that time, his appeal from Judge Avery's January 30, 2007 order to release records[3] was still pending, leaving Judge Avery without jurisdiction: "the situation was that the Indiana Court of Appeals had issued their order which denied Seely's Petition for Rehearing, and on that date the jurisdiction was still with the Indiana Court of Appeals until such time that Seely had exhausted his remedies." (DE # 1 at 4 ¶ 11.) The remedy Seely is referring to is his attempt to file a petition for transfer to the Indiana Supreme Court; and, as to Judge Avery's February 1, 2008, order dismissing Seely's case, Seely argues that Judge Avery was without jurisdiction because that petition for transfer was filed

---

[3] Seely pleads that "[o]n January 30, 2007, Judge Avery, Allen Superior Court, issued an order which required Seely to consent to release mental health records and Seely chose to appeal whether or not it was a wrongful order. (DE # 1 at 4 ¶ 10.)

5

(or at least lodged) with the Clerk on January 10, 2008, again divesting Judge Avery of jurisdiction.

The problem with Seely's position is twofold. First, Seely's appeal was from Judge Avery's January 30, 2007 order requiring him to authorize release of his medical records, and thus was not an appeal from a final judgment, but instead an interlocutory appeal. Interlocutory appeals do not stay proceedings in the trial court: proceedings are not stayed unless the trial (or appellate) court orders a stay. IND. APP. R. 5(B), 14(H). In other words, Judge Avery retained jurisdiction, and had the authority to dissolve the stay and proceed, even if he was mistaken about the status of the appellate proceedings.[4] As to the February 1, 2008 order dismissing the case—which Seely believes was entered without jurisdiction because he had filed a petition for transfer to the Indiana Supreme Court—besides the fact that, according to his allegations, the Clerk never even filed the petition, the Supreme Court's discretionary jurisdiction does not attach until it grants transfer, which did not occur. IND. R. APP. P. 4(A)(2). The bottom line is that Indiana trial courts retain jurisdiction at all times until the final disposition of a case, *Chapin v. Hulse*, 599 N.E.2d 217, 220 (Ind. App. 1992), and so Judge Avery never acted in the absence of jurisdiction.

---

[4] From Seely's allegations and from the attachments to the complaint, it appears that Judge Avery was not mistaken. Seely's belief is that Judge Avery should have waited, after the Court of Appeals denied his petition for rehearing, to see if Seely would petition the Indiana Supreme Court. Seely has cited no authority to support that proposition.

The second problem with Seely's position is more fundamental, because it makes it unimportant whether this court's analysis above is correct, that is, whether Judge Avery was incorrect in determining that he had jurisdiction and could proceed. (That was clearly his understanding, as shown by his statement in the order dated December 27, 2007, that no petitions were pending before either the appellate or Supreme Court.) There is a distinction between a judge acting in excess of his or her jurisdiction, in which case immunity exists, and acting in the complete absence of jurisdiction, causing it to be lost. *Stump v. Sparkman*, 435 U.S. 349, 357-58 (1978); *Killinger v. Johnson*, 389 F.3d 765, 770-71 (7th Cir. 2004). Although it does not appear to be the case, even if Judge Avery committed a grave procedural error as to whether jurisdiction was in his court, or divested by the appeal, he only acted in excess of his jurisdiction, and so did not lose absolute judicial immunity. *Mireles*, 502 U.S. at 12-13; *Dellenbach v. Letsinger*, 889 F.2d 755, 760 (7th Cir. 1989); *Stump*, 435 U.S. at 357-58; *Killinger*, 389 F.3d at 770-71. Because there is no question that he is entitled to immunity, the State Defendants' motion pursuant to RULE 12(b)(1) will be granted, and Judge Avery will be dismissed from this action.

Seely also names as a defendant, without giving the name of the individual occupying the office, the "Clerk of Indiana Supreme Court & Court of Appeals." Under Indiana law, the same officer holds these two offices. Ind. Code § 33-25-4-1. Seely's claim is that the Clerk failed to accept and file Seely's Petition for Transfer to the Indiana Supreme Court (DE # 1 at 2-3, ¶ 7-8; DE # 22 at 3); thus, Seely is complaining of

acts committed by the Clerk in his official capacity as a state officer.[5] As the State Defendants argue, state officials acting in their official capacities are not "persons" who can be sued for damages under § 1983.[6] *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989).

Not surprisingly, Seely disagrees. His first argument in response, citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), is that the Clerk in fact is a "person" because the Court in *Monell* "held that a local government is a 'person' within the meaning of section 1983." (DE # 22 at 4.) Seely's argument fails to appreciate the distinction between officers of local municipal governmental entities, and state officers

---

[5] As explained in the accompanying text, Seely does not recognize the distinction between a state officer and a municipal officer, and that may be the reason that he fails to respond to the State Defendants's argument that the Clerk is a state official. Even if Seely had disputed that issue, however, it is clear that the office of the Clerk of the Indiana Court of Appeals and Indiana Supreme Court is a state office. The Clerk is appointed by, and serves at the pleasure of, the Chief Justice of the Indiana Supreme Court; is paid a salary established by the Supreme Court; and has powers and duties prescribed by state law and by the Supreme Court. Ind. Code § 33-24-4-1. In reviewing Indiana's statues governing the Clerk, the court can find nothing indicating that the Clerk has any financial autonomy from the state, the most important factor in determining whether the Clerk is an arm of the state. *See Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008).

[6] In addition, the State Defendants argue that Seely's action is barred by the State's sovereign immunity as recognized by the Eleventh Amendment to the United States Constitution. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Papasan v. Allain*, 478 U.S. 265 (1986). While this would appear to be correct, the immunity issue need not and should not be answered when the suit is not against a "person" amenable to suit under § 1983. *Vermont Agency of Nat. Resources v. Stevens*, 529 U.S. 765, 779-80 (2000); *Mercado v. Dart*, 604 F.3d 360, 362 (7th Cir. 2010) (*Will*'s "statutory rule makes it unnecessary and inappropriate to consider what limits the eleventh amendment would create.").

holding positions in state government. In *Monell* the Court was careful to observe this distinction: "Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes." *Id.* at 690 n. 54; *see Scott v. O'Grady*, 975 F.2d 366, 369-70 (7th Cir. 1992). Seely does not contest the State Defendants' argument that the Clerk is a state officer, an argument with which the court agrees.[7] *See supra* note 5. Therefore, because of *Will*, Seely cannot maintain an official-capacity claim for damages against the Clerk, and the State Defendants' motion to dismiss pursuant to RULE 12(b)(1) and/or RULE 12(b)(6) will be granted.[8]

Next, Seely argues that even if he cannot maintain a suit for damages against the Clerk, he can seek injunctive or declaratory relief.[9] (DE # 22 at 6.) In making this

---

[7] Even were the court to find that the Clerk is a municipal entity "person" against whom an action could be maintained, Seely has not alleged, nor even hinted, that the Clerk acted pursuant to a municipal policy to discriminate on the basis of race, creed, or age. This would be another reason his complaint fails to state an official-capacity claim. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) ("To state a claim against a municipal or local entity, 'a complaint must allege that a constitutional deprivation was caused by an official policy or custom.'" (*quoting and citing Arlotta v. Bradley Center,* 349 F.3d 517, 521-22 (7th Cir. 2003)).

[8] To this court, it seems clear that any complaint brought pursuant to § 1983 is within the court's subject-matter jurisdiction, and if it fails to name a cognizable "person" under the statute, it fails to state a claim and should be dismissed pursuant to *Rule* 12(b)(6). Such complaints have been dismissed on jurisdictional grounds, however, on the reasoning that they should be viewed as so insubstantial and meritless that jurisdiction does not arise. *See Joyce v. Joyce*, 975 F.2d 379, 383 n. 3 (7th Cir. 1992) (*citing City of Kenosha v. Bruno,* 412 U.S. 507, 511-13 (1973)).

[9] Along with the fact that he hasn't used the name of the individual occupying the Clerk's office anywhere in his complaint, this is also an indication that Seely is bringing an official-capacity suit, because declaratory or injunctive relief can only be pursued via an official-capacity claim. *Ameritech Corp. v. McCann*, 297 F.3d 582, 586 (7th

9

argument, Seely is relying on the exception first recognized in *Ex Parte Young*, 209 U.S. 123 (1908). While the exception was developed in connection with Eleventh Amendment immunity, and the court's focus here is on the antecedent issue—that is, the statutory inquiry under § 1983—the exception applies equally to suits brought under § 1983. *Will*, 491 U.S. at 71 n. 10.

The problem is, the exception exists to enable litigants to obtain *prospective* injunctive or declaratory relief to remedy an ongoing or future violation of the plaintiff's constitutional rights in order to give "life to the Supremacy Clause." *Green v. Mansour*, 474 U.S. 64, 68 (1985). In order to determine whether *Ex parte Young* allows the suit to proceed, a court must only ask whether the complaint alleges an ongoing violation of federal law and seeks prospective relief." *Verizon Maryland, Inc. v. Publ. Service Comm. of Maryland*, 535 U.S. 635, 645 (2002).

Seely didn't mention injunctive or declaratory relief in his complaint, and he hasn't explained, in his response to the State Defendants' motion to dismiss, how such relief could redress any ongoing violation. Instead, he is complaining of only one event that occurred in the past, for which he wants damages: the Clerk's failure to file his petition for transfer. In such circumstances, where he is concerned only with establishing liability for that past violation, dismissal of his official-capacity action is appropriate. *Illinois Dunesland Preservation Society v. Illinois Dept. of Natural Resources*, 584 F.3d 719, 721 (7th Cir. 2009).

---

Cir. 2002).

While the above analysis is dispositive of an official-capacity claim against the Clerk, neither the State Defendants, in their motion to dismiss, nor Seely, in his response the motion, state whether Seely's claim should not also be construed as a personal-capacity action against the individual occupying the clerk's office. As mentioned above, there are signs that Seely means to proceed against "the Clerk" in the form of an official-capacity action only. Nevertheless, because Seely is *pro se* he may fail to appreciate the distinction between official and personal capacity claims, and his complaint should be liberally construed. There are also signs this is meant to be a personal-capacity action, such as the fact that Seely fails to allege the existence of a policy or custom, and that he seeks damages, including punitive damages, which are only available in a personal-capacity actions. Thus, reading Seely's complaint in its entirety, the court construes it as alleging both official- and personal-capacity claims. See *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991). Finally, the State Defendants have argued that in addition to the statutory and jurisdictional failings discussed above , the complaint otherwise fails to state a claim, and this argument seems designed to address a personal-capacity claim against the Clerk. Thus, the court proceeds accordingly.

First (the State Defendants' second argument, but the court addresses it first), the State Defendants argue that to the extent Seely means to base his § 1983 claim on a violation of his right to equal protection under the Fourteenth Amendment, such a claim fails because the allegations in the complaint are mere legal conclusions

insufficient to give them the notice required by RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE. This substance of this argument is stated in one paragraph, as follows:

> The plaintiff alleges he believes he has been treated unfairly on account of his race, creed, or age. But he does not provide a single allegation to support a reasonable inference of intentional discrimination by the State Defendants. He has not even alleged what his race is, what his creed is, or what his age is. The sole allegation he presents in Paragraph 12, "[o]n information and belief, Seely believes he has been discriminated against on account of his race, age, creed, because similarly situated litigants in the court system have been and are treated more favorably." This is a mere legal conclusion; it is not even a factual allegation. Even if there are any factual allegations of discrimination, they would most certainly be "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Killingsworth* [*v. HSBC Bank Nevada, N.A.*], 507 F.3d [614] at 619 [7th Cir. 2007]. Simply put, the plaintiff has not stated a claim that he was subject to intentional discrimination and so the equal protection claims should be dismissed.

(DE # 17 at 10.)

This is, of course, an argument based on *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), in which the Court held that a complaint must contain sufficient factual allegations to elevate the right to relief from speculative to plausible. The court is entirely sympathetic to the State Defendants: in addition to the shortcomings they note, Seely hasn't pleaded that anyone involved in the decision not to file his petition knew what his race, creed or age was, and without that knowledge, they could not have been motivated by intentional discrimination.

Nevertheless, these are matters of proof, not facts that must be pleaded in the complaint. In a recent decision, the Seventh Circuit embraced a narrow reading of the plausibility standard set forth in *Twombly,* cautioning that "'[p]lausibility' in this context

does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). In *Swanson* the court held that the plaintiff's discrimination complaint satisfied RULE 8 because it identified the type of discrimination the plaintiff thought occurred (racial), by whom (a bank), and when (in connection with her efforts to obtain a home equity loan). 614 F.3d at 405. According to the Seventh Circuit, "[t]his was all that was needed to put in the complaint." *Id.* A plaintiff alleging discrimination need only allege "how, in the plaintiff[s'] mind at least, the dots should be connected" to comply with *Twombly*. *Swanson,* 614 F.3d at 407.

It appears that Seely has met these minimal pleading requirements. He has alleged the type of discrimination he believes occurred (race, age and creed), by whom it was committed (the Clerk), and when (in connection with his attempt to file a petition for transfer). This is enough to give the Clerk notice of what Seely's claim is, and this is all that is required. In short, the State Defendants' only argument for dismissing Seely's equal-protection claim isn't convincing, and that claim will not be dismissed at this early stage. If it turns out that Seely's complaint was filed without any factual support whatsoever–that is, that his allegation "on information and belief" that he was treated differently than other similarly-situated litigants is nothing more than his speculation–there are other ways to address frivolous litigation.

The State Defendants also address Seely's foundation of his § 1983 claim on his right to due process under the Fourteenth Amendment, and argue that it must be

dismissed because: 1) Seely is not challenging the fairness and sufficiency of the states process, but only complaining that his access to that process was denied; and 2) Seely has no life, liberty or property interest in the process itself. *See Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008) (procedural due process claim must challenge whether state provides fundamentally fair procedure, not whether that procedure was afforded); *Grennier v. Frank*, 453 F.3d 442, 446 (7th Cir. 2006) (there is no property interest in a process itself).

There is no doubt that both of these propositions appear true, and applicable to Seely's complaint to the extent he is bringing a procedural due process claim. But the State Defendants haven't explained why Seely's complaint should be understood as alleging a procedural due process claim *only*, and not a substantive due process claim, or claim based on a violation of some other protected right. Essentially, Seely is pleading that the Indiana appeals mechanism was denied him on the basis of an act of intentional discrimination, and "[t]he right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The State Defendants' haven't done enough, at this point, to pin Seely down to a legal theory hinging on procedural due

process rights alone. Therefore, his complaint, to the extent it alleges an individual-capacity claim against the Clerk,[10] cannot be dismissed.

For the foregoing reasons:

1) Plaintiff Seely's request for hearing (DE # 23) is **DENIED**;

2) Plaintiff Seely's Motion for Correction and/or Modification of the Record of Proceedings (DE # 26) is **DENIED** as moot; and

3) The State Defendants Motion to Dismiss (DE # 16) is **GRANTED IN PART and DENIED IN PART**, in that all claims against defendant Judge David A. Avery are **DISMISSED**; all official-capacity claims against defendant Clerk of the Indiana Court of Appeals and Indiana Supreme Court are **DISMISSED**; and any/all individual-capacity claims against defendant Clerk of the Indiana Court of Appeals and Indiana Supreme Court remain pending.

**SO ORDERED.**

Date: January 7, 2011

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[10] Court clerks are entitled to absolute immunity in the "rare instances" they engage in acts of a judicial nature, and otherwise are entitled to qualified immunity. *Lowe v. Letsinger*, 772 F.2d 308, 313 (7th Cir. 1985). It should be noted that the State Defendants have made neither argument here. Perhaps this is a sign that the State Defendants did assume that Seely brings an official-capacity claim only.