UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN SEELY, | ) |
|     Plaintiff, | ) |
| v. | ) No. 1:09 CV 289 JM |
| DAVID A. AVERY, Judge, Allen Superior Court, *et al.*, | ) |
|     Defendants. | ) |

## ORDER AND NOTICE OF POSSIBLE SANCTIONS

This matter is before the court on separate motions to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b), and for sanctions pursuant to FEDERAL RULE OF CIVIL PROCEDURE 11, filed by the defendants: one pair of such motions jointly by defendants James Seely and Gwen Seely ("the Seelys"), and one pair by Indiana's Attorney General, on behalf of the defendant named as the "Clerk of Indiana Supreme Court & Court of Appeals" ("the Clerk") in the Clerk's personal capacity.[1] Defendants have responded, and plaintiff has filed a reply.

*A. Motions filed by the Seelys*

Turning to the Seelys first, they argue, pursuant to FED. R. CIV. P. 12(b)(1) and (6), that the complaint is devoid of any factual allegations showing that they acted under color of state law or, even more problematic, of any allegations showing liability-causing acts by them whatsoever. This motion was filed after a pretrial conference

---

[1] All official-capacity claims have been dismissed previously. (DE # 28).

conducted by Magistrate Judge Cosbey (of which the undersigned judge has reviewed the audio recording), where Judge Cosbey asked plaintiff to explain his factual basis for having named the Seelys as defendants. Plaintiff's response was that he is not alleging that the Seelys are liable and is not seeking relief from them, but he instead named them as defendants so that they would have notice of the events taking place in the litigation against the other defendants.

Upon hearing this, counsel for the Seelys offered to draw up papers so that plaintiff could voluntarily dismiss them, and offered to stipulate that—should plaintiff later find a basis during discovery to attempt to hold the Seelys liable—they would consent to reinstatement of the suit, waiving any statute of limitations issue. Plaintiff refused this offer and told the Seely's counsel to "do what he needed to do."[2] Judge Cosbey then specifically warned plaintiff that his chosen course of action might result in sanctions.

The Seelys then moved for dismissal and for sanctions pursuant to FED. R. CIV. P. 11. Rather than conceding what he admitted at the pretrial conference—that he has no basis for holding the Seelys liable—plaintiff filed a "Motion in Opposition" to the Seelys motions, in which he states that "[i]ncluded in attached **MEMORANDUM A** is the case law authority supporting the proposition that . . . defendant's [sic] James Seely and Gwen Seely shouldn't be dismissed as party defendant's [sic]." (DE # 55 at 1, ¶ 1.) Then,

---

[2] This may not be an accurate quote, but it is very close to plaintiff's actual words.

in an affidavit incorporated in his motion/response, plaintiff states in apparent contradiction that "attached Memorandum (**Exhibit C**)" explains the "genuine issues of material fact and merit" that exist as to the Seelys. (DE # 55 at 4, ¶ 7.) However, consistent with prior neglect in regard to his filings, see DE # 28 at 1, n.2, there is neither a Memorandum A nor an Exhibit C attached to the filing.

It is abundantly clear that plaintiff has failed to allege or explain any basis for holding the Seelys liable, and that their motion to dismiss should be granted. The question that remains is their motion for sanctions. RULE 11 provides in relevant part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

FED. R. CIV. P. 11(c)(2). Here, this procedure was not followed to the letter, since the motion for sanctions was filed without first giving Seely 21 days to dismiss his case. It may not have been necessary to do so, however, given that Judge Cosbey specifically warned Seely that he might be sanctioned and he had ample time after that warning to dismiss the Seelys before they moved for dismissal. The Court of Appeals has held that substantial compliance with the safe harbor provision in Rule 11(c)(2) suffices, such as by writing the offending party a letter giving notice of the sanctionable conduct and the intention to seek sanctions. *Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago*,

649 F.3d 539, 552-53 (7th Cir. 2011); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 610 (7th Cir. 2008).

The events here would seem to add up to substantial compliance. Because plaintiff is pro se, however, the court prefers to deny the motion, and invoke its own power under RULE 11(c)(3) to impose sanctions in order to give plaintiff a final opportunity to explain his actions. The purpose of a lawsuit is to obtain a legal remedy for harm caused by a defendant's conduct. It is not, as plaintiff here seems to believe, a method to keep persons informed of litigation being pursued against other parties. Plaintiff could have easily accomplished that purpose by writing a letter or picking up the telephone, without causing the Seelys unnecessary legal expenses. Moreover, even after being warned by Judge Cosbey that his conduct is sanctionable and being offered an easy way out by the Seelys' counsel, he refused that opportunity and persisted in pursuing a baseless action. Thus, if plaintiff wishes to attempt to avoid being ordered to pay the Seelys' legal fees as a sanction, he is directed to carefully follow the directions at the end of this order.

*B. Motions filed by the Clerk*

The motion filed by the Clerk is limited to addressing whatever individual-capacity claims might be asserted in plaintiff's complaint, based on its broadest reading as given it by this court in its order granting the Clerk's prior motion to dismiss all

official-capacity claims. (DE # 58, DE # 16.)³ In the present motion, the Clerk, pursuant to FED. R. CIV. P. 12(b)(4) and (5), argues that there is no jurisdiction over any named person as would be a necessary for an individual-capacity claim because of insufficient process and insufficient service of process. Although the Clerk does not mention RULE 12(b)(2), he/she does assert that because of the insufficient process and service thereof, personal jurisdiction does not exist.

An individual-capacity suit is a suit against a person, not a suit against that person's employer; as such, personal service of process is required, using a method of service proper on an individual under RULE 4(e)(2) or pursuant to state law as authorized by RULE 4(e)(1). *See Robinson v. Turner*, 15 F.3d 82, 84 (7th Cir. 1994). Indiana allows an individual to be served by mailing a copy of the summons and complaint to the individual's place of employment. IND. R. TR. P. 4.1(A). Any such service must comport with federal due process by being reasonably calculated to give actual notice of the lawsuit to the person being sued. *Robinson*, 15 F.3d at 86.

The problem here, as pointed out in the Clerk's motion to dismiss, is that plaintiff's complaint speaks in generalities about actions taken by unnamed individuals

---

³ In this regard it should be noted that in his response to the Clerk's present motion, Seely asserts that an "unknown party" in the office of the Clerk of the United States District Court for the Northern District of Indiana by docket entry on June 8, 2010, terminated his motion for a hearing on that prior motion. (DE # 55 at 2, ¶ 2(a); 3-4 at ¶ 5.) This baseless assertion gets two facts of record wrong. The June 8, 2010 docket entry plainly states that it is terminating plaintiff's motion for an extension of time to file a response, DE # 19. That motion was resolved by Judge Cosbey, see DE # 20. Plaintiff's motion for a hearing, DE # 23, was denied by the undersigned's written order, DE # 28 at 15.

in the Clerk's office, and neither it, the summons or the certified mail receipt[4] for service of the summons and complaint shows the name of any individual(s) plaintiff wishes to sue. Plaintiff's response to the motion to dismiss confirms the problem. In it, plaintiff refers to attached "**Exhibit B**" (another missing filing) which "demonstrates that the clerk's office was aware that *it* was being sued in any/all individual capacity claims." (DE # 55 at 2, ¶ 2.) (Italics added.)

Other than that, plaintiff's response cites as support the Memorandum A and Exhibit C which , as stated above, are nowhere to be found. Because the documents have not been filed, and may not even exist, plaintiff has not made any substantive response to the Clerk's arguments concerning service, and has not explained how the court has personal jurisdiction over any named person against whom an individual-capacity claim is being asserted. Thus, the Clerk's motion to dismiss will be granted.

The Clerk's motion for sanctions will be denied. Essentially, the Clerk argues that the complaint does not contain enough *evidentiary* allegations to support plaintiff's claim of discrimination. This is not a sufficient basis for a Rule 11 sanctions. Moreover, although the Clerk asserts it sent a letter to plaintiff putting him on notice of possible sanctions, thereby substantially complying with the safe harbor provision in RULE 11(c)(2), a copy of the letter has not been filed to allow the court to verify the assertion.

---

[4] The certified mail receipt indicates service was addressed to "Clerk, Indiana Supreme Court, Court of Appeals & Tax Court." (DE # 10 at 2.)

*Conclusion, Order for Judgment, and Notice to Plaintiff*

For the reasons above:

1. The Clerk's motion to dismiss (DE # 40) is **GRANTED**;

2. The Clerk's motion for sanctions (DE # 50) is **DENIED**;

3. The Seelys' motion to dismiss (DE # 46) is **GRANTED**;

4. The Seelys' motion for sanctions (DE # 48) is **DENIED**.

The clerk shall enter a final judgment in favor of all defendants in this action, and against plaintiff, who shall take nothing by way of his complaint.

**PLAINTIFF JOHN SEELY SHOULD TAKE NOTICE** that the court is retaining jurisdiction over this matter for the purpose of considering whether to impose a separate judgment against him for sanctions pursuant to RULE 11(c)(3). As explained above, plaintiff filed this action against the Seelys without, by his own admission, any factual basis and/or any intention to seek relief from them. Then, after being warned and given an opportunity to voluntarily dismiss them without consequence, he rejected that opportunity and forced the Seelys to incur further legal expenses by insisting that their attorney move for dismissal. Accordingly, plaintiff John Seely has until March 23, 2011, to file a written response showing cause why he should not be sanctioned by being ordered to pay the defendant Seelys' costs and attorneys' fees.

**SO ORDERED.**

Date: February 21, 2012

                      s/ James T. Moody  
                      JUDGE JAMES T. MOODY  
                      UNITED STATES DISTRICT COURT